IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON SANTIAGO-MIRANDA, et al.,

    Plaintiffs

    v.

CARLOS E. CHARDON,

    Defendant

CIVIL NO. 10-1918 (JAF/JP)

## OPINION AND ORDER

Before the Court is Defendant Carlos E. Chardon's motion to dismiss (**No. 9**). Said motion is unopposed.[1] Plaintiffs brought this lawsuit against Defendant pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of the First Amendment and Fourteenth Amendment to the United States Constitution. Plaintiffs also brought Puerto Rico law claims alleging violations of: (1) Sections 1, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico; (2) Law 7 of March 9, 2009; (3) Law 184 of August 4, 2004; (4) Law 114 of May 7, 1942; (5) Law 100 of June 30, 1959; (6) Law 5 of October 14, 1975; and (7) Article 1802 of Puerto Rico's Civil Code. Defendant moves to dismiss pursuant to

---

[1] Plaintiffs attempted to file an opposition (No. 14) to the motion to dismiss. However, said opposition was filed over a month after the motion to dismiss was filed. As such, said opposition was untimely since it was not filed within the time frame provided by Local Rule 7(b) and since Plaintiffs did not request an extension of time to file said opposition. Accordingly, the Court **STRIKES** Plaintiffs' untimely opposition at docket number 14.

CIVIL NO. 10-1918 (JAF/JP)    -2-

Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

## I.

### FACTUAL ALLEGATIONS

On November 4, 2008, Luis Fortuno-Burset ("Governor Fortuno"), a member of the New Progressive Party ("NPP"), was elected Governor of the Commonwealth of Puerto Rico. Governor Fortuno appointed Defendant Carlos E. Chardon ("Chardon") as the Secretary of the Puerto Rico Department of Education ("DOE"). Also, Governor Fortuno signed Law 7 of March 9, 2009 ("Law 7") which allegedly empowered government agencies to dismiss thousands of government employees. As such, Plaintiffs allege that the government proceeded to dismiss, with certain exceptions, all employees whose tenure in their employment (seniority) was thirteen and one half (13½) years or less as established in Circular Letter 2009-16 issued by the Board of Fiscal Restructuring and Stabilization.

Plaintiffs Ramon Santiago-Miranda ("Santiago"), Felicita Roldan-Ocasio ("Roldan"), and Margarita Pacheco-Burgos ("Pacheco") allegedly are former employees of the DOE. On or about September 25, 2009, Plaintiffs received letters from Defendant informing them that they were being dismissed from their employment pursuant to Law 7 effective November 6, 2009. However, at the time of their dismissal, Plaintiffs allege that Plaintiff Santiago had more than eighteen (18)

CIVIL NO. 10-1918 (JAF/JP)        -3-

years of service in the government, that Plaintiff Roldan had over twenty three (23) years of service in the government, and that Plaintiff Pacheco had over twenty two (22) years of service in the government. Plaintiffs state that they were dismissed by Defendant even though he allegedly had evidence showing that Plaintiffs have more than the required thirteen and a half (13½) years of service. Plaintiffs claim that said actions have caused them damages.

As a result, Plaintiffs brought the instant action. Plaintiffs allege that their dismissal violates: (1) Law 7 because Plaintiffs had more than thirteen and a half (13½) years of public service; (2) Plaintiffs' due process rights under the United States and Puerto Rico Constitutions because they were dismissed without the opportunity to be heard; and (3) Plaintiffs' First Amendment rights under the United States Constitution and the equivalent clause in the Puerto Rico Constitution because they were really dismissed for their affiliation with the Popular Democratic Party ("PDP").

**II.**

**LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. Id. at 1974.

CIVIL NO. 10-1918 (JAF/JP)      -4-

The Court of Appeal for the First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007) (quoting Twombly, 127 S. Ct. at 1969). Still, a court must draw all reasonable inferences in favor of the non moving party and accept all well-pleaded facts in the complaint as true. Sanchez v. Pereira-Castillo, 590 F.3d 31, 36 (1st Cir. 2009).

### III.

### ANALYSIS

Defendant moves to dismiss Plaintiffs' complaint arguing that Plaintiffs have failed to allege sufficient facts to support their political discrimination claim, and their due process claim. Defendant also claims that the dismissals were done in compliance with Law 7, that he is entitled to qualified immunity, and that the state law claims should be dismissed. The Court will now consider Defendant's arguments.

**A.   Section 1983**

To have a cognizable claim under Section 1983, a party must plead that: (1) Defendant acted under color of state law;

CIVIL NO. 10-1918 (JAF/JP)        -5-

(2) Plaintiff was deprived of a federally protected right, privilege or immunity; and (3) Defendant's alleged conduct was causally connected to Plaintiff's deprivation. See Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).

Here, Plaintiffs claim that their First Amendment and Fourteenth Amendment rights were violated by Defendant when he dismissed Plaintiffs from their employment with the DOE pursuant to Law 7.

### 1. Political Discrimination Claim

Government employees who do not occupy policy-making positions of trust and confidence are protected against adverse employment actions based on their political affiliation. Pequero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006). To establish a political discrimination case, Plaintiff must allege sufficient facts from which a Court can find that Plaintiff engaged in constitutionally protected conduct and that Plaintiff's political affiliation was a substantial or motivating factor behind the challenged employment action. See Gonzalez-De-Blasini v. Family Department, 377 F.3d 81, 85 (1st Cir. 2004).

A *prima facie* case of political discrimination requires that Plaintiff properly plead that: (1) Plaintiff and Defendant belong to opposing political affiliations; (2) Defendant has knowledge of Plaintiff's political affiliation; (3) a challenged employment action occurred; and (4) Plaintiff's political affiliation was a substantial

CIVIL NO. 10-1918 (JAF/JP)      -6-

or motivating factor behind the challenged employment action. Martinez-Velez v. Rey-Hernadez, 506 F.3d 32, 39 (1st Cir. 2007).

In the instant case, Plaintiffs' complaint fails to sufficiently plead his political discrimination claim. Specifically, Plaintiffs failed to allege sufficient facts to raise a reasonable inference that Defendant had knowledge of their political affiliation with the PDP. In their complaint, Plaintiffs presented no allegations whatsoever that Defendant was aware of their political affiliation with the PDP.[2] Accordingly, the Court finds that Plaintiffs have not provided sufficient factual detail to establish a *prima facie* case of political discrimination. Thus, Plaintiffs have failed to allege sufficient facts to nudge their political discrimination claims "across the line from conceivable to plausible." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009); see also, Sepulveda-Villarini v. Department of Education of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010).

   **2.   Due Process Claims**

Plaintiffs bring claims under the Fourteenth Amendment arguing that their due process rights were violated when they were dismissed

---

   [2] In fact, the only allegation even mentioning Plaintiffs' political affiliation was that "defendant's reliance on [Law 7] demonstrates that the proffered reason for the plaintiffs' dismissals is a sham, and that the true reason is to discriminate against them for being associated to the PDP" (No. 1, ¶ 35). However, said allegation is not even remotely close, by itself, to support a reasonable inference that Defendant was aware of Plaintiffs' political affiliation with the PDP.

CIVIL NO. 10-1918 (JAF/JP)      -7-

from their career positions without a hearing. Defendant argues that Plaintiffs have failed to plead sufficient facts to support their due process claims.

To succeed on a due process claim, Plaintiff must plead that he or she was deprived of a life, liberty, or property interest without the requisite minimum measure of procedural protection warranted under the circumstances. See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32-33 (1st Cir. 1996). Property interests are not created by the Constitution, but instead are created by independent sources such as state law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Under Puerto Rico law, career or tenured employees have property rights in their continued employment. E.g., Marrero-Gutierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007).

Normally, when a protected interest is being taken away from an individual, said individual is entitled to some kind of prior hearing. See Roth, 408 U.S. at 569-70. However, an individual will not always be entitled to a prior hearing when a protected interest is at stake. See id. at 570 n.7 (citing Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).

In the instant case, the Court finds that Plaintiffs have failed to state a cause of action for their Fourteenth Amendment due process claim. While Plaintiffs do have a property interest in their employment under Puerto Rico law, Defendant's alleged action of dismissing Plaintiff without a pre-termination hearing and through

CIVIL NO. 10-1918 (JAF/JP)        -8-

Law 7 does not give rise to a due process claim. <u>United Automobile v. Fortuno</u>, 677 F. Supp. 2d 530, 537-38 (D.P.R. 2009). As such, the Court finds that Plaintiffs have failed to properly plead their due process claim.

**B.   <u>Puerto Rico Law Claims</u>**

Plaintiffs also bring claims arising under Puerto Rico law.[3] Dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. <u>See</u> <u>Newman v. Burgin</u>, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]"). Here, the Court chooses not to hear the state law claims brought by Plaintiffs and will, therefore, dismiss the state law claims without prejudice.

---

[3] Included among these claims are the allegations that Plaintiffs' dismissals did not comply with Law 7 because of the amount of time they worked for the government.

CIVIL NO. 10-1918 (JAF/JP)        -9-

## IV.

## CONCLUSION

In conclusion, the Court hereby **GRANTS** Defendant's motion to dismiss. A separate judgment will be entered accordingly dismissing the federal law claims with prejudice and the state law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2011.

                                          S/JOSE ANTONIO FUSTE
                                              JOSÉ ANTONIO FUSTÉ
                                       UNITED STATES DISTRICT JUDGE